SOUTHEASTERN KENTUCKY BAPTIST HOSPITAL, INC., et al., Appellants,

v.

Gladys BRUCE, Appellee.

Supreme Court of Kentucky.

June 11, 1976.

Robert L. Milby, Hamm, Taylor, Milby & Farmer, London, for appellants.

Coleman D. Moberly, Charles R. Luker, London, for appellee.

PER CURIAM.

This malpractice proceeding arises out of a classic case of mistaken identity. On March 29, 1971, Gladys Bruce was admitted to the Southeastern Kentucky Baptist Hospital as a patient for Dr. Catron who was to perform a conization of the cervix on March 30. On March 27, 1971, Mrs. Jessie Smith was admitted as a patient of Dr. Hamilton who was to perform a thyroidectomy on her on March 30. On the day of reckoning Dr. Hamilton performed a thyroidectomy on another patient, and when it had been completed, the anesthesiologist, Frances R. Bryant, directed the surgical technician, Ruby Wyatt, to bring Mrs. Jessie Smith to the operating room for her surgery. By reason of an almost inexplicable error, Ruby Wyatt mistook Gladys Bruce for the patient, Mrs. Jessie Smith, and removed her to the operating room. Dr. Hamilton, without making any effort to establish the identity of his surgical patient, proceeded with the thyroidectomy. Within a short time Dr. Hamilton was informed that he had the wrong patient on the operating table, and surgery was immediately terminated. The thyroidectomy was not completed, and such incisions as had been made were sutured and repaired.

After Gladys had recovered sufficiently, she filed an action against a number of employees of the hospital, the hospital, and some of the doctors. However, by the time the trial date arrived, the only defendants were the hospital, Frances Bryant, Ruby Wyatt, and Dr. Hamilton. The case was tried before a jury which returned a verdict in favor of Gladys in the amount of $100,-000—$10,000 against the doctor and $90,000 against the hospital, Bryant, and Wyatt. The doctor satisfied his portion of the judgment while the hospital, Bryant, and Wyatt prosecute this appeal.

The appellants insist that Gladys was remiss in her duties, in that for some unaccountable reason she answered to the name of Smith. However, this court does not consider this to be the neglect of a duty required of Gladys. After all, she was being removed to the operating room for surgery and at the best would have been in a somewhat confused condition. An even more critical duty was placed upon the doctor, Bryant, and Wyatt in establishing with absolute certainty the identity of a surgical patient.

Gladys had an identification bracelet affixed to her wrist which gave her age, floor of the hospital, the name of the doctor, date of her admission, and a number. It was admitted by all these parties that it was their duty to determine the identity of the patient by examining the identification bracelet. However, in this instance, all of the parties admit that they did not check the identity of the patient against the name on the bracelet. The doctor sought to excuse his failure by merely saying that he generally relied upon the nurses to properly identify his patients before surgery. The impact of this entire comedy of errors, if it could be called such, falls directly upon the shoulders of the two nurses and the surgeon. Their failure to do that which was required of them cannot be brushed off lightly by asserting that a patient under the stress of pending surgery answered to an erroneous name.

■ There is a rather extensive argument throughout the briefs concerning a defect in the jury verdict, it being claimed that the eleven-man verdict was signed only by the foreman of the jury and not by all of those who agreed. An examination of the original verdict discloses that the trial court, in giving its instructions, tendered three form verdicts. The one that the jury adopted was located at the bottom of a page. As there was not sufficient room for the eleven to sign the verdict, the foreman signed it and then the foreman, together with the ten other jurors, dropped back on a preceding page and signed. Interestingly enough, this is the page which required that the verdict be signed by all jurors agreeing, where the verdict is by less than twelve men. There is also filed a supplement to the record, being the affidavit of Charles R. Luker, which explains the events surrounding the return of this verdict. When all is considered, it is evident that the parties and their counsel were fully aware of the eleven-man verdict and also that the signatures of the eleven jurors had been placed on a page other than the one setting out the form verdict adopted. Without conceding that the procedure used was erroneous, it is necessary only to state that the parties now objecting made no effort to preserve for appellate review those errors that they now assert.

■ Finally, appellants assert that the verdict was excessive when viewed in the light of the extent of injuries sustained by Gladys. The record indicates that an incision some four inches long was made along her neck and that it later became infected. As a result of medication given her, she developed a rather severe rash. There was evidence that cosmetic surgery will be required. There was substantial evidence that Gladys' experience was so shocking that it aroused various mental problems. While it is not claimed that all these problems were the result of the surgery, there was a plenitude of evidence which indicated that at the least her traumatic experience substantially contributed to what may have been pre-existing mental problems. The jury observed the witnesses and heard all of the testimony and, in its wisdom, returned the $90,000 verdict. This court is of the opinion that there was substantial evidence to support this verdict and therefore is not inclined to disturb it or in any way seek to substitute its opinion for that of the jury.

The judgment is affirmed.

All concur except JONES, J., who did not sit or participate in the consideration of this case.